UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE LISA LAMB,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. ED CV 14-1214 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Rochelle Lisa Lamb ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to state adequate reasons for rejecting the opinion of her treating physician. (Joint Stip. at 3-10.) The Court agrees with Plaintiff for the reasons stated below.

A.　<u>The ALJ Improperly Rejected Plaintiff's Treating Physician's Opinion</u>

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (internal citation omitted).

Here, Plaintiff's treating physician, Syam Kunam, M.D., opined that Plaintiff has mental limitations that significantly affect her ability to work. (Administrative

Record ("AR") at 349, 419, 421.) The ALJ provided four reasons for rejecting Dr. Kunam's opinion. The Court addresses, and rejects, each reason below.

First, the ALJ found that Dr. Kunam's opinion was not supported by the accompanying treatment records, which reflected only mild mental limitations and functional impairments. (*Id.* at 16, 410, 412, 413.) Though such a finding can justify rejecting a treating opinion, *Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988), a brief review of the record reveals at least some support for Dr. Kunam's opinion. In particular, in March 2013, Dr. Kunam reported that Plaintiff was exhibiting signs of mania and that her bipolar disorder was poorly controlled. (AR at 16, 419.) Dr. Kunam further noted that Plaintiff was experiencing auditory hallucinations, paranoid thought content, and hyperactive psychomotor behaviors, and that she had poor reasoning, insight, and impulse control. (*Id.* at 419.) Significantly, the ALJ failed to address these findings – which tended to support Dr. Kunam's opinion – even though they were more contemporaneous than the other medical evidence considered by the ALJ. *See Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (the ALJ must not "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result"). And, because Dr. Kunam's opinion effectively precluded all work for Plaintiff, it is not clear on this record whether the ALJ's error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Second, the ALJ found that Dr. Kunam failed to provide a "function-by-function analysis of [Plaintiff's] capabilities." (AR at 16.) However, "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel – not to provide evidence for disability determinations." *Orn*, 495 F.3d at 634. As such, one would not expect medical records to routinely discuss any issue that is irrelevant to diagnosis and treatment. Moreover, as discussed above, Dr. Kunam's March 2013 report clearly documented symptoms that implicate

functional limitations pertinent to Plaintiff's ability to sustain full-time employment. (*See* AR at 419); *see also Holohan*, 246 F.3d at 1205 (requiring ALJ to read treating physician's treatment notes "in context of the overall diagnostic picture he draws").

Third, the ALJ found that Dr. Kunam's assessment of Plaintiff's Global Assessment of Functioning ("GAF") scores, ranging from 45 to 59, was of "limited evidentiary value," as it "reveal[ed] only snapshots of impaired and improved behavior."[1] (AR at 16.) The ALJ stated that he gave "more weight to the objective details and chronology of the record," because they "more accurately describe[d] Plaintiff's] impairments and limitations." (*Id.*) Again, however, the ALJ failed to adequately consider Dr. Kunam's March 2013 report, which indicated significant mental impairments. (*Id.* at 418-19.)[2]

Fourth, the ALJ found that Dr. Kunam's disability determination was not entitled to controlling weight because the issue of disability is reserved to the Commissioner. (AR at 16, 349, 351.) However, an ALJ must consider a treating physician's opinion on the ultimate issue of disability as he would consider a treating physician's medical opinion, and, "if controverted, [that opinion] can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."

---

[1] A GAF score between 41 and 50 indicates serious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, inability to keep a job). *See* American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders ("DSM-IV"), at 34 (4th ed. 2000). A GAF score between 51 and 60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or coworkers). *Id.*

[2] Nor do Plaintiff's GAF scores – which reflect only Plaintiff's functioning at particular moments in time – provide a specific and legitimate basis to reject Dr. Kunam's opinion, given his two-year treatment relationship with Plaintiff. (*Id.* at 16); *see* 20 C.F.R. §§ 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated [the claimant] and the more times [the claimant has] been seen by a treating source, the more weight [the Commissioner] will give to the source's medical opinion."), 416.927(c)(2)(i) (same).

3

1 | *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

2 |      Finally, the Court finds that the ALJ erred to the extent that he rejected Dr. Kunam's opinion in favor of the conflicting opinions of the consultative examining psychologist and the non-examining medical consultants. (AR at 15-16, 86-94, 115-26, 341-47.) That a treating physician's opinion is contradicted means only that the ALJ must provide specific and legitimate reasons supported by substantial evidence, rather than clear and convincing reasons, for rejecting that doctor's opinion. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). A conflicting medical opinion, in and of itself, may not justify discounting a treating physician's opinion. *Id.*

     **B.   Remand is Warranted**

     With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

     Here, in light of the ALJ's error, the credibility of Dr. Kunam must be properly assessed. Therefore, on remand, the ALJ shall evaluate Dr. Kunam's opinion and either credit it as true, or provide valid reasons for any portion that is rejected.

///
///
///
///
///
///
///

4

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[3]

Dated: 5-29-2015

Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

---

[3] In light of the Court's remand instructions, it need not address Plaintiff's remaining contention. (*See* Joint Stip. at 3-10.)